IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Emerson Jimel Edwards,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>Lt. Mego, Seg. White, Warden Stephan, Warden Rainmo, and N.F.N. Labadore,<br><br>　　　　　　Defendants. | Civil Action No. 2:20-cv-2541-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint filed July 6, 2020 and amended November 4, 2020. ECF Nos. 1, 17. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings. This matter is currently before the court on two Report and Recommendations ("Reports") – one recommending dismissal of Defendants Mego, Rainmo, White, and Labadore pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 53) and the other recommending the court grant Defendant Stephan's Motion to Dismiss (ECF No. 56). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Reports and the serious consequences if they failed to do so. The court has received no objections from any party and the time to submit them has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

   I.   *Report as to Defendants Mego, Rainmo, White, and Labadore*

After the Amended Complaint was filed, the Magistrate Judge authorized service on Defendants, including Mego, Rainmo, White, and Labadore. ECF No. 26. The Summonses for these Defendants were returned unexecuted on June 10, 2021, noting SCDC was "unable to locate" each of them ECF No. 40 at 1-4. The Magistrate Judge then entered two orders directing Plaintiff to provide any additional information he may have for these Defendants without delay. ECF Nos. 41, 43. Plaintiff, however, failed to provide any further information, and the 90-day service period under Rule 4(m) of the Federal Rules of Civil Procedure has now expired. The Report, entered July 27, 2021, therefore recommended dismissal of these Defendants without prejudice for lack of prosecution pursuant to Rule 4(m). ECF No. 53.

Plaintiff has not responded to the Report or advanced any reasons for failing to provide sufficient information to execute the Summons on these Defendants. After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report at ECF No. 53 by reference in this Order.

Defendants Mego, Rainmo, White, and Labadore are dismissed without prejudice pursuant to Rule 4(m).

II. *Report as to Defendant Stephan*

On August 3, 2021, the Magistrate Judge issued a second Report recommending Defendant Warden Stephan's Motion to Dismiss be granted and the case dismissed, as he would be the only remaining Defendant if the first Report regarding service was adopted. ECF No. 56. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. As noted above, no objections have been filed.

The court agrees with the Report any claim against Warden Stephan in his official capacity is barred by Eleventh Amendment immunity. Also as noted in the Report, the failure to protect claim against Warden Stephan in his individual capacity also fails as a matter of law, as there are no facts alleging Stephan knew of the risk of harm to Plaintiff before the incident occurred. Accordingly, after a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report at ECF No. 56 by reference in this Order.

III. *Conclusion*

Both Reports (ECF Nos. 53 and 56) are adopted by this Order as no clear error has been found. Defendants Mego, Rainmo, White, and Labadore are dismissed without prejudice pursuant

to Rule 4(m), and Defendant Stephan's Motion to Dismiss (ECF No. 36) is granted and Stephan is also dismissed from this case with prejudice.[1]  This case is hereby dismissed.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
August 25, 2021

---

[1] As Plaintiff was given the opportunity to file an Amended Complaint, and did so (ECF No. 17), it appears he cannot allege sufficient facts against Warden Stephan to make out a claim for deliberate indifference.

4